104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Okai SETH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-2188.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the city of New York, on the 13th day of September, one thousand nine hundred and ninety-six.
 E.D.N.Y.
 AFFIRMED.
 Seth D. Okai, pro se, Fort Dix, NJ.
 David C. James, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 Present: FEINBERG, MINER, PARKER, Circuit Judges.
 This cause came on to be heard on the transcript of record and was submitted.
 Plaintiff-appellant Seth D. Okai appeals pro se from an order of the United States District Court for the Eastern District of New York (Glasser, J.) denying his motion for modification of his sentence and for immediate deportation.
 
 
 1
 On February 11, 1993, Okai was arrested at John F. Kennedy International Airport after customs officials found heroin concealed in his luggage. Okai subsequently pleaded guilty to importation of heroin, in violation of 21 U.S.C. § 952(a). On November 8, 1992, the district court sentenced him to a 57-month term of imprisonment, a five-year term of supervised release, and a $50 special assessment. On April 19, 1994, Okai was resentenced after withdrawing his original appeal, and the district court again sentenced him to a 57-month term of imprisonment, a five-year term of supervised release, and a $50 special assessment.
 
 
 2
 On January 2, 1996, Okai moved in the district court for reduction of his sentence. His motion was based on claims that he is an alien and therefore is subject to more onerous conditions of confinement than those experienced by non-alien inmates and that he would be deported after he served his sentence. Okai also requested that deportation proceedings be initiated as "expeditiously as possible," in accordance with 8 U.S.C. § 1252(i). On February 5, 1996, the district court denied the motion. This appeal followed.
 
 
 3
 Okai contends that the district court erred in refusing to reduce his sentence in accordance with his motion. We reject this contention. Okai does not show how any of the conditions provided by statute or rule for reduction of sentence have been met in this case. See 18 U.S.C. § 3582(c) (providing that the district court "may not modify a term of imprisonment once it has been imposed except" under certain circumstances). Moreover, even if the district court had authority to modify Okai's sentence, it could not have reduced his sentence based on the reasons asserted by Okai. See United States v. Restrepo, 999 F.2d 640 (2d Cir.), cert. denied, 510 U.S. 954 (1993).
 
 
 4
 Okai also argues that the district court erred in refusing to order his immediate deportation under 8 U.S.C. § 1252(h). This contention is without merit. Section 1252(h)(2) provides that, under certain circumstances, "[t]he Attorney General is authorized to deport an alien in accordance with applicable procedures under this chapter prior to the completion of a sentence of imprisonment." Although Okai argues that he is entitled to immediate deportation under § 1252(h)(2), this subsection only provides that the "Attorney General is authorized to deport an alien." (Emphasis added). The matter of deportation therefore is discretionary with the Attorney General, and it does not appear that there has been a request of the Attorney General to exercise that discretion. Accordingly, we reject Okai's claim that the district court erred in refusing to order his immediate deportation.